IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGARITA FARIAS VALENCIA, ) | |
| 39545-177,                 ) | |
|     Petitioner,      ) | |
| v.                         ) | 3:10-CV-1266-K |
|                      ) | 3:09-CR-292-K (09) |
| UNITED STATES OF AMERICA,  ) | |
|     Respondent.      ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

## I.  Procedural Background

On November 24, 2009, Petitioner pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On March 10, 2010, the Court sentenced her to fifty-five months imprisonment and two years supervised release. Petitioner did not file an appeal.

On June 25, 2010, Petitioner filed the instant § 2255 petition. She argues:

1. She received ineffective assistance of counsel that rendered her guilty plea involuntary;

2. The Court improperly converted the money proceeds into drug proceeds; and

3. The Court improperly sentenced her above the statutory maximum.

## II. Factual Background

The following factual background is taken from the PSR.

On November 24, 2008, DEA agents conducted surveillance of Petitioner at her residence. Intercepted phone calls led agents to believe that Petitioner would be transporting bulk cash drug proceeds via a commercial bus on the evening of November 24, 2008.

During surveillance, agents observed Petitioner exit a residence and enter a Ford Explorer driven by an unknown Hispanic male. The vehicle arrived at a bus station in Dallas, Texas. Petitioner entered the bus terminal and purchased bus tickets. Petitioner and the Hispanic male boarded one of the buses. Prior to the bus departing, Dallas Police Detectives Hussey and Miltimore boarded the bus and conducted drug interdiction interviews of passengers. Detective Miltimore identified himself to Petitioner and she agreed to speak to him. Petitioner gave Detective Miltimore consent to search her purse. During the search of the purse, Detective Hussey noticed a white elastic-type girdle with pockets which is commonly used in smuggling contraband. Upon removing the girdle, Detective Hussey located fourteen plastic baggies, each wrapped in duct tape, containing a total of $128,000. A pat down search was conducted on Petitioner and officers found an additional $26,900 concealed in the front of Petitioner's pants. Officers also located $1,213 in Petitioner's billfold. A total of $157,013 was seized from Petitioner.

On March 10, 2010, Petitioner pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  She was sentenced to fifty-five months confinement.

### III.  Discussion

**1.      Ineffective Assistance of Counsel/Guilty Plea**

Petitioner argues she received ineffective assistance of counsel when counsel: (1) failed to explain the charges, the sentencing factors under 18 U.S.C. § 3553 and the presentence report; and (2) failed to argue that Petitioner's sentence range should have been 24 to 30 months.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane*

*v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

**1.      Charges and PSR**

Petitioner argues her counsel failed to adequately explain the charges against her, the factors in 18 U.S.C. § 3553 and the presentence report which rendered her guilty plea involuntary.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination

of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

The record shows that Petitioner stated she understood the charges against her and she admitted to the essential elements of the charges.  (Plea hrg. at 2-3.) She stated she read the plea agreement before signing it, that she understood her maximum

punishment range was twenty years imprisonment and that she understood the conviction would result in her deportation. (*Id*. at 4-6.) She stated she read the presentence report and that the statements in the report were true. (*Id*. at 8.) She also stated she understood the appeal waiver and that she was voluntarily pleading guilty. (*Id*.) Petitioner has failed to show that her guilty plea was involuntarily or unknowingly entered or that she received ineffective assistance of counsel.

**2.    Sentence Range**

Petitioner argues her counsel was ineffective because he failed to argue the appropriate Guideline sentence range. Petitioner states that under the Sentencing Guidelines, her total offense level should have been 17 rather than 23. Petitioner states her base offense level was 8, plus a 12 point enhancement to equal an offense level of 20. She states she received a three point reduction, for a final offense level of 17 and a sentencing range of 24 to 30 months.

Petitioner does not explain how she determined the offense level. The record shows she was convicted of conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Under USSG § 2 S1.1(a)(2) her base offense level was 8. Under USSG § 2B1.1 her offense level was increased by 10 levels based on the $157,013 in currency. Her offense level was then 18. Under USSG § 2S1.1(b)(1)(B) her offense level was increased by 6 levels because she knew the laundered funds were the proceeds of drug transactions, making her offense level 24. Under § 2S1.1(b)(2) her offense level

increased by 2 levels for the conspiracy, for a total of 26. She received a 3 level decrease for acceptance of responsibility, making her total offense level at 23. With a criminal history category of I, Petitioner's sentencing range was 46 to 57 months. The Court sentenced Petitioner to 55 months incarceration. Petitioner has failed to show that her counsel was ineffective for failing to argue that her sentence range should have been 24 to 30 months. This claim is denied.

**2.   Waiver**

Petitioner argues the Court improperly converted the seized currency to a drug amount in calculating her sentence. A valid guilty plea, however, waives all non-jurisdictional defects in the pleadings. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985); *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). As discussed above, Petitioner entered a valid guilty plea.

Additionally, pursuant to the plea agreement, Petitioner waived the right to collaterally attack her sentence except for claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). As discussed above, Petitioner's plea and waiver were entered knowingly and voluntarily. Petitioner's claim is therefore waived.

Moreover, the Court did not convert the seized currency into a drug amount to calculate Petitioner's sentence. Petitioner was sentenced for the money laundering

conspiracy under the economic offenses section of the Sentencing Guidelines pursuant to USSG § 2B1.1. This section did not convert the currency to a drug amount. This claim is denied.

### 3. Procedural Bar

Petitioner argues her sentence exceeded the statutory maximum because her sentence range should have been 24 to 30 months. In her plea agreement, Petitioner retained the right to file a direct appeal arguing that her sentence exceeded the statutory maximum. (Plea Agreement at 4.) Petitioner, however, failed to appeal this issue.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for her failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). In this case, Petitioner has failed to argue, or to show, that she is actually innocent. This claim is therefore procedurally barred.

Additionally, as discussed above, Petitioner's claim that her sentence range should have been 24 to 30 months is without merit. This claim is denied.

**IV. Conclusion**

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 31st day of May, 2012.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE